T.C. Memo. 2005-13

UNITED STATES TAX COURT

JOHN WESLEY WINTERS, JR., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11606-03L.                    Filed January 27, 2005.

John Wesley Winters, Jr., pro se.

<u>J. Craig Young</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, <u>Judge</u>:  This case was commenced in response to a
Notice of Determination Concerning Collection Action(s) Under
Section 6320 and/or 6330.  The notice of determination sustained
a proposed levy with respect to petitioner's unpaid taxes for
1993.  The issue for decision is whether petitioner has shown
that his reported tax liability for 1993 was eliminated by losses

incurred in 1994, 1995, and 1996.  Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended.

FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioner resided in Raleigh, North Carolina, at the time that the petition was filed.

On May 10, 2002, respondent sent to petitioner a Letter 1058 (Final Notice - Notice of Intent to Levy and Notice of Your Right to a Hearing) under section 6330 with respect to petitioner's Federal income taxes for 1993.  Attached to the Letter 1058 was an account summary showing that petitioner's liability for 1993 consisted of an assessed balance of $6,499.97 plus statutory additions to tax (penalties and interest) of $3,275.73, for a total of $9,775.70.  Petitioner responded to the Letter 1058 by submitting a timely Request for Collection Due Process Hearing (Form 12153) dated May 29, 2002.  A telephonic hearing was held in which petitioner contended that he incurred Schedule C, Profit or Loss From Business, losses in later periods that he thought should offset the income from 1993 reported on the return as filed.

On June 17, 2003, the Office of Appeals mailed to petitioner a Notice of Determination Concerning Collection Action(s) Under

Sec. 6320 and/or 6330 with respect to petitioner's Federal income taxes for 1993. The notice included the following statement:

### Relevant Issues Presented by the Taxpayer

In your request for a hearing, you challenged the correctness of the liability by stating that you incurred losses in future periods that you thought should offset the * * * [income] from 1993. When questioned about this, you stated that you did not amend the applicable returns to compute any loss carrybacks, nor did you present a reasonable argument as to why a carryback is applicable. The service center received your return for tax year 1993 on November 10, 1997. The statute of limitations for amending this return has since expired, and we show no record that you have made any challenges to this liability prior to this hearing. The liability is comprised of original tax due with return, penalties and interest. No examination assessments or other changes to the account have been made.

OPINION

At the time of trial, petitioner acknowledged that "there is no question that the income for the period of '93 is an amount that is correct." Petitioner contended, however, that his income in 1994, 1995, and 1996 was "substantially lower than that in '93." Petitioner did not dispute respondent's assertion that his return for 1993 was filed in November 1997 and that no returns were filed by him for the period from 1997 through 2002. Petitioner presented no evidence concerning the manner in which he allegedly incurred operating losses that could be carried back to 1993. Petitioner did not present copies of his returns for 1994, 1995, or 1996 or any other explanation of the losses that he was claiming before, during, or after trial. Petitioner has

offered no explanation of why any losses that were incurred in 1994, 1995, and 1996 would not have been taken into account when he belatedly filed, in 1997, his return for 1993.

Petitioner has failed to show that the assessed liability for 1993 is erroneous in any respect. Although he claims inability to pay the liability, he has neither offered any collection alternatives nor complied with requirements for an offer in compromise. See sec. 301.7122-1, Proced. & Admin. Regs.

On the record in this case, the notice of determination that was sent to petitioner must be sustained.

<u>Decision will be entered</u>

<u>for respondent</u>.